UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ANDRES LUCERO, § | |
| § | |
| *Plaintiff*, § | |
| § | No. 1:25-cv-00509-DAE |
| vs. § | |
| § | |
| § | |
| MONI BOLTON, *et al.*, § | |
| § | |
| *Defendants*. § | |
| § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("Report") filed by Magistrate Judge Mark Lane on April 24, 2025. (Dkt. # 4.) Plaintiff Andres Lucero, who is proceeding *pro se*, has not filed objections. The Court finds this matter suitable for disposition without a hearing. After reviewing the Recommendation and the information contained in the record, the Court **ADOPTS** the Recommendation as the opinion of the Court and **DISMISSES** Plaintiff's claims in their entirety. (Dkt. # 18.)

BACKGROUND

This case was filed in this Court on April 4, 2025, by Plaintiff Andres Lucero, proceeding *pro se*. (Dkt. # 1.) Plaintiff's complaint appears to allege multiple crimes against himself or his wife by various defendants. (See Dkt. # 1.)

1

Plaintiff filed a Motion to Proceed *in forma pauperis* on the same day. (Dkt. # 2.) Pursuant to a standing order, this case was referred to Judge Lane for resolution of Plaintiff's *in forma pauperis* application, as well as a recommendation as to whether the case should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e). (Dkt. # 3.) Judge Lane issued an Order Granting Plaintiff's Motion to Proceed *In Forma Pauperis* and the instant Report and Recommendations on April 24, 2025. (Dkt. # 4.)

After reviewing the initial filings, Judge Lane concluded that the Plaintiff's claims should be dismissed without prejudice as frivolous under 28 U.S.C. § 1915(e), and that this Court should warn the Plaintiff that continuing to file frivolous or duplicative suits may results in imposition of monetary sanctions and a pre-filing bar. (Id. at 3.) The Report further clarifies that even if Plaintiff does allege a crime against himself or his wife, this Court lacks jurisdiction because there is no allegation the parties are diverse, and his claims do not implicate federal law. (Id.)

On April 2025, the Report was mailed to Plaintiff via certified mail. (See Dkt. # 5.) The Certified Mail Return Receipt indicates that an agent at the address signed for delivery on May 15, 2025. Plaintiff thereafter did not file objections within 14 days. However, Plaintiff filed an additional Supporting Affidavit on June 5, 2025 (Dkt. # 7), a Notice on June 13, 2025 (Dkt. # 8), a second Supporting

2

Affidavit on July 17, 2025 (Dkt. # 9), and a Supplement to his Original Complaint on July 21, 2025 (Dkt. #10.)

## APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). Furthermore, conclusory objections that fail to point out with specificity any error in the Magistrate Judge's analysis are not cognizable," and the Court here will not parse through the record to infer exactly what it is Plaintiff's

3

objections are based upon. See Palomo v. Collier, No. 2-23-CV-37, 2024 WL 180852, at *2 (S.D. Tex. Jan. 17, 2024) (citing Fed. R. Civ. P. 72(b)(2); Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003); Edmond v. Collins, 8 F.3d 290, 293 n.7 (5th Cir. 1993)).

## DISCUSSION

After careful consideration of the filings and the record, the Court **ADOPTS** the Magistrate Judge's Recommendation as the opinion of the Court. The Court finds that Judge Lane's analysis is reasonable and absent of clear error.

The Magistrate Judge recommends dismissal on subject matter jurisdiction grounds since Plaintiffs do not appear to allege the parties are diverse, and his claims do not implicate federal law.  (Dkt. # 4 at 3.)  The Report notes that this is "despite [Plaintiff's] "assertion of various constitutional provisions" in his complaint.  Construing Plaintiff's later-filed Supporting Affidavits, Notice, and Supplement to his Complaint as broadly as possible, this Court finds that Plaintiff does not cure the deficiencies in his Complaint as to this Court's jurisdiction. (See Dkt. ## 7, 8, 9, 10.)

In his later filings, Plaintiff does list a variety of state statutes in his allegations against the various Defendants.  In his first filing after the Report, Plaintiff references two federal statutes: 22 U.S.C. § 7102(a) (defining various terms related to sex trafficking) and 8 U.S.C. § 1101(a)(15) (defining

4

"immigrant").  (Dkt. # 7.)  However, Plaintiff fails to make accompanying factual allegations under any federal statute that would lead this Court to assert its jurisdiction over this case.  See 28 U.S.C. § 1331 (authorizing federal question jurisdiction); 28 U.S.C. § 1332 (authorizing diversity jurisdiction).  "[M]ere listing of federal statutes does not, without more, create federal question jurisdiction." Smith v. Dell, Inc., 1:19-CV-967-RP, 2020 WL 10056100, at *2 (W.D. Tex. Mar. 16, 2020) (quoting Johnson v. City of Denton, No. 417-CV-342-RAS-CAN, 2018 WL 3487585, at *2 (E.D. Tex. June 8, 2018), report and recommendation adopted, No. 4:17-CV-453, 2018 WL 34788988 (E.D. Tex. July 19, 2018)).  The Court agrees with the Magistrate Judge that Plaintiff's arguments provide no basis for federal subject-matter jurisdiction and therefore must be dismissed as frivolous under 28 U.S.C. § 1915(e)(2).

Having carefully reviewed the Magistrate Judge's findings and the applicable law, the Court finds no clear error and agrees with the reasoning and recommendations set forth in the Report and Recommendation. Thus, the Court **ADOPTS** Judge Lane's Report in full.  (Dkt. # 4.)  Accordingly, the Court dismisses Plaintiff's claims **WITHOUT PREJUDICE**. Lastly, given that this is at least the third frivolous case that Plaintiff Lucero has filed in less than one year, the Court warns Plaintiff that continuing to file frivolous or duplicative suits in this court may result in imposition of monetary sanctions and a pre-filing bar.

CONCLUSION

For the reasons given, the Court **ADOPTS** U.S. Magistrate Judge Mark Lane's Report and Recommendation. (Dkt. # 4.)

**IT IS ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.**

The Clerk is **DIRECTED** to **CLOSE THE CASE.**

**IT IS SO ORDERED**.

**DATED:** Austin, Texas, November 4, 2025

_____
Hon. David Alan Ezra
Senior U.S. District Judge